**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|   |   |   |
|---|---|---|
| | : | |
| CARLO AMATO, | : | |
| | : | Civil Action No. 19-19449 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---

**SHIPP, District Judge**

Petitioner Carlo Amato is proceeding, through counsel, with a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 ("the Petition"). (Pet., ECF No. 1.) The Petition raises ineffective assistance of counsel claims against Petitioner's former defense attorney, Thomas R. Ashley, Esq. (*Id.* at 4.[1]) Presently before the Court is Respondent United States of America's motion for an order declaring a limited waiver of Petitioner's attorney-client privilege with Mr. Ashley. (Mot., ECF No. 3.) Respondent requests this limited waiver so that they may interview Mr. Ashley about Petitioner's claims and obtain relevant documents Mr. Ashley may have related to those claims. (*Id.*) Petitioner opposes the motion in part. (Opp'n Br., ECF No. 5.) For the reasons stated below, Respondent's request for a waiver will be granted subject to certain conditions.

**I.     BACKGROUND**

The Court recites only the facts necessary to resolve the instant motion. On September 19,

---

[1] Page numbers refer to those located on the ECF header.

2018, Petitioner pleaded guilty to one count of attempting to evade assessment of income tax, in violation of 26 U.S.C. § 7201, and one count of failure to file report of foreign bank and financial accounts, in violation of 31 U.S.C. §§ 5314, 5322(b) and 18 U.S.C. § 2. *See* Trans. of Plea, *United States of America v. Amato*, Crim. No. 18-561 (D.N.J. filed Apr. 15, 2019), ECF No. 9. Petitioner was sentenced to an aggregate term of 60 months in prison. *See* J. of Conviction, *United States of America v. Amato*, Crim. No. 18-561 (D.N.J. filed May 8, 2019), ECF No. 12.

On October 27, 2019, Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Pet. 13.) In his filing, Petitioner argued that his plea counsel, Thomas R. Ashley, Esq., provided ineffective assistance during the plea process and subsequent sentencing phase. (*Id.* at 4.) More specifically, Petitioner alleged that Mr. Ashley was ineffective for: (1) suggesting Petitioner was eligible for a downward sentencing departure but later advising him to accept a plea agreement which prohibited a motion for a downward departure; and (2) filing a motion for a downward departure after the plea agreement had been entered and then withdrawing it "without explanation and without notice to or the knowledge of [Petitioner]." (Pet'r's Br. in Support of Pet. 4–5, ECF No. 1-2.) Petitioner argued he would not have entered into the plea agreement if he had known that he could not request a downward departure. (*Id.* at 5–6.)

After the Court ordered Respondent to file an answer to the § 2255, Respondent submitted this motion seeking an order from the Court declaring a waiver of Petitioner's attorney-client privilege with Mr. Ashley. (Mot. 1.) Respondent requested a limited waiver to interview Mr. Ashley about Petitioner's ineffective assistance of counsel claims and to review any documents Mr. Ashley may have that relate to those claims. (*Id.* at 2.) Petitioner largely consents to the motion, subject to certain conditions. (*See generally* Opp'n.) In his opposition, Petitioner

requests:

1. In the event the Government will interview and question Mr. Ashley such an interview and questioning shall be limited to the federal criminal prosecution and conviction and the instant § 2255 motion and shall be stenographically recorded and transcribed at Government expense and a copy of said transcript shall be provided to [Petitioner's counsel];

2. [Petitioner's counsel] shall be given no less [than] 30 days advance notice of the scheduling of an interview by the Government of Mr. Ashley, to permit [Petitioner's counsel] to attend and participate in said interview;

3. Mr. Amato absolutely opposes the release of his "file," primarily because the Amato client "file" contains material pertaining to the New Jersey prosecution and several civil matters, none of which is relevant to the instant federal matter. Whatever facts and information the Government seeks will no doubt be provided by Mr. Ashley and not unfettered access through Mr. Amato's several files.

(*Id*. at 1–2.)

Respondent replied opposing Petitioner's requests. (Reply, ECF No. 6.) Respondent clarified that it had not sought "unfettered access" to Petitioner's file, only access to documents in Mr. Ashley's file which relate to Petitioner's ineffective assistance of counsel claims. (*Id.* at 1–2.) Respondent also asserted that a restriction on the questioning of Mr. Ashley is not required as the requested waiver only pertains to information relevant to Petitioner's ineffective assistance of counsel claims. (*Id*. at 3.) Finally, Respondent argued that Petitioner had provided no rule or legal authority to support his demands. (*Id*.)

## II.    DISCUSSION

### A.    Waiver of Attorney-Client privilege

The Court first addresses the scope of the attorney-client privilege waiver. "The United States Court of Appeals for the Third Circuit has generally held that parties implicitly waive

3

attorney-client privilege when they place the legal representation directly in issue." *Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *2 (D.N.J. Apr. 19, 2018) (citing *Emmanouil v. Roggio*, 499 F. App'x 195, 201 (3d Cir. 2012)); *see also United States v. Boyle*, No. 18-4700, 2018 WL 6505526, at *3 n.1 (E.D. Pa. Dec. 11, 2018) ("It is well established that a party waives the attorney-client privilege by asserting claims or defenses that put his or her attorney's advice at issue."). This implicit waiver, however, is limited to the attorney-client communications that relate to the claims a petitioner raises. *See Ragbir*, 2018 WL 1871460, at *2; *see also United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."). Thus, this waiver permits the Government to interview a petitioner's counsel and to obtain documents that are directly relevant to the issues raised by the petitioner. *See Bittaker v. Woodford*, 331 F.3d 715, 722 n.6 (9th Cir. 2003) ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests." (citing *Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981))); *see also Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Muhammad v. United States*, No. 15-6845, 2016 WL 1243617, at *1 (D.N.J. Mar. 28, 2016) (permitting the Government to interview petitioner's attorney and obtain directly relevant documents).

Here, Petitioner's claims of ineffective assistance of counsel effectively waive the attorney-client privilege as it relates to the information necessary to resolve those claims. *See Ragbir*, 2018 WL 1871460, at *2 (citing *Emmanouil*, 499 F. App'x at 201). Those claims include whether Mr. Ashley was ineffective for advising Petitioner to accept a plea agreement which prohibited any motion for a downward departure, and whether Mr. Ashley provided ineffective assistance when

he later withdrew a motion for a downward departure without allegedly consulting Petitioner. Respondent does not request unfettered access to Mr. Ashley's file.  Rather, Respondent's request is narrowly tailored to questioning Mr. Ashley and obtaining documents from him that are directly related to Petitioner's ineffective assistance of counsel claims.  Thus, given the appropriately limited nature of Respondent's request, the Court will permit Respondent to interview Mr. Ashley about Petitioner's ineffective assistance of counsel claims and to obtain from Mr. Ashley documents that directly relate to those claims.  Mr. Ashley may exercise his judgment – or apply to the Court for further clarification, if necessary – as to whether specific information or documents fall within the scope of the waiver.  *See Ragbir*, 2018 WL 1871460, at *5–6; *Muhammad v. United States*, Civ. No. 15-6845, 2016 WL 1243617, at *2 (D.N.J. Mar. 28, 2016).

**B.      Petitioner's Requests Regarding Former Counsel's Interview**

The Court next addresses Petitioner's request that Respondent provide at least 30 days' notice of their interview with Mr. Ashley so that Petitioner's current counsel may attend.  (Opp'n Br., ECF No. 5.)   The Court also considers Petitioner's related request to have Respondent stenographically record and transcribe the interview, and to provide Petitioner with a copy at Respondent's expense.  (Opp'n Br., ECF No. 5.)  Rule 6 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts ("Habeas Rule 6") provides that, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  The United States Supreme Court has recognized that the Rules Governing Section 2254 and 2255 Cases "afford the district court substantial discretion in the conduct of a case once an answer has been ordered."  *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996).  Indeed, "[d]iscovery is available only if 'the judge in the exercise of his discretion and for good cause shown grants leave.'"  *Id.* (quoting Habeas Rule 6(a)).

District Courts have taken various approaches to a petitioner's request to have current counsel present for respondent's interview with former defense counsel.  In *United States v. Soomai*, although the petitioner did not request a formal deposition, he argued the need to have his current defense counsel present for the interview in order to best protect petitioner's interests, and to permit current counsel to object, if necessary, to disclosures of former counsel.  928 F. Supp. 2d 170, 173 (D.D.C. 2013).  In that case, the United States District Court for the District of Columbia found this argument constituted good cause to have defense counsel present when the Government spoke with the petitioner's former attorney and granted the petitioner's request.  *Id.* at 173–74.

Conversely, in *United States v. Huy Ngoc Nguyen*, the United States District Court for the District of Minnesota rejected a petitioner's request to prohibit the Government from speaking informally with his former attorney.  Civ. No. 16-340, 2020 WL 2042901, at *2 (D. Minn. Apr. 28, 2020).   In that case, the petitioner sought to have any communications with his former counsel occur only within the setting of a formal deposition.  *Id.*  Yet the District Court found that "the law imposes no such restriction" and held that the Government could communicate with petitioner's former counsel either in a formal or informal setting.  *Id.*

And in *United States v. Stone*, the United States District Court for the District of Maine recognized that while a "formal deposition with both counsel present [. . .] fits within the contours of Rule 6," that "generally the least intrusive means of obtaining information from former defense counsel–either in the form of document production or affidavits–should be explored first and that a deposition of defense counsel is commonly the last resort."  824 F. Supp. 2d 176, 187, 189 (D. Me. 2011).

Here, based on the present circumstances and the case law, the Court discerns no reason as to why Petitioner's counsel should be unable to attend the interview with Mr. Ashley.  Indeed, the presence of Petitioner's current counsel may also allay any fears Petitioner has about the scope of Respondent's questioning.  Thus, the Court finds that Respondent must provide Petitioner's current counsel with at least 30 days' notice of the scheduled interview with Mr. Ashley and permit Petitioner's counsel to attend if he is able.  However, the Court does not find that good cause exists to require Respondent to stenographically record, transcribe, and provide a copy of the interview to Petitioner, and Respondent will therefore not be required to do so.

## III.    CONCLUSION

For these reasons, Respondent's motion for an order declaring a limited waiver of Petitioner's attorney-client privilege with his former counsel, Thomas R. Ashley, Esq. (Mot., ECF No. 3) is GRANTED.  Respondent must, however, provide Petitioner's counsel at least 30 days' notice of the interview so that Petitioner's counsel may attend.  Respondent need not stenographically record, transcribe, and provide Petitioner's counsel with a copy of the interview. An appropriate Order follows.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: _____ 1/12/ 2021