**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLO AMATO,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 19-19449 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Petitioner Carlo Amato's motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Following an order to answer, the Government filed responses to the motion (ECF Nos. 14, 18), to which Petitioner replied. (ECF Nos. 15, 19-20.) For the following reasons, this Court will deny the motion, and will deny Petitioner a certificate of appealability.

**I.  BACKGROUND**

  On April 12, 2018, Petitioner entered into a plea agreement with the Government through which he sought to resolve several charges arising out of a scheme in which he sought to evade paying taxes and hide that evasion by transferring money into foreign bank accounts. (*See* ECF No. 1-1 at 6-16.) Pursuant to that agreement, Petitioner agreed to plead guilty to one count of attempting to evade and defeat income tax due and owing to the Government for the year 2014 in violation of 26 U.S.C. § 7201, and one count of willful failure to report a financial interest in foreign financial accounts in violation of 31 U.S.C. §§ 5314 and 5322(b), 31 C.F.R. § 1010.350,

and 18 U.S.C. § 2. (*Id.* at 6.) In exchange, the Government agreed not to pursue further income tax evasion charges and failure to report financial interest charges arising from Petitioner's actions in the years 2012 through 2015. (*Id.* at 6-7.) In the plea agreement, Plaintiff was informed that he faced a maximum prison sentence of five years on the tax evasion charge as well as a maximum ten year term on the failure to report charge which "may run consecutively," as well as appropriate fines, fees, restitution, and periods of post-sentence supervised release. (*Id.* at 7-8.) The agreement further informed Petitioner that his ultimate sentence would be left to the discretion of the sentencing judge following a consideration of the advisory sentencing guidelines. (*Id.*) The plea agreement also contained a number of stipulations between the parties, including a stipulated guidelines calculation, an appellate waiver which would attach if the Court sentenced Petitioner within or below the stipulated range, and a provision in which Petitioner agreed "not to seek or argue for any upward or downward departure, adjustment[,] or variance" not contained in the stipulated guidelines calculation. (*Id.* at 7-16.)

On September 19, 2018, Petitioner appeared before this Court in order to plead guilty. (*See* Docket No. 18-561 at ECF No. 4.) As part of that proceeding, Petitioner reviewed and signed an application requesting permission to enter a guilty plea. (*Id.*) In that document, Petitioner confirmed that he understood the rights he was waiving by pleading guilty, the maximum statutory penalties for the charges to which he was pleading guilty, the fact that his sentence would be "within the sole discretion of the sentencing judge" subject to a consideration of the advisory sentencing guidelines, that he would not be permitted to withdraw his plea even if any sentencing prediction he or his lawyer made proved inaccurate, and that he had "waived the right to argue that the sentencing judge should impose a sentence below" the stipulated range in the plea agreement. (*Id.* at 1-6.) Petitioner further attested in that document that he was pleading guilty freely and voluntarily, with a full understanding of each of these issues. (*Id.* at 7.)

During his plea colloquy with the Court, Petitioner was once again informed of the maximum sentences he faced, and again confirmed that he understood the rights he was waiving by pleading guilty, including his rights to indictment and to a jury trial. (ECF No. 14-4 at 2-10.) Petitioner was also informed and confirmed his understanding of his plea agreement, including the guidelines stipulations contained in the agreement, the appellate waiver to which he agreed, and the fact that under the agreement "no party will argue for either a departure or variance" from the stipulated guidelines range. (*Id.* at 11-15.) Petitioner also confirmed to the Court that he understood the advisory nature of the sentencing guidelines and the fact that this Court, and only this Court, would determine his sentence, which may ultimately be lower or higher than that suggested by the guidelines. (*Id.* at 16-17.) Petitioner also provided a detailed factual basis for his guilty plea in which he admitted to filing false tax returns which underreported his income and the undisclosed transfer of money to foreign banks with the purpose of avoiding taxes between 2013 and 2016, and once again confirmed his agreement to all of the stipulations in his plea agreement. (*Id.* at 17-28.) Based on his colloquy, factual basis, and clear understanding of the proceedings which had occurred, this Court accepted Petitioner's guilty plea.

Following the plea hearing but prior to sentencing, Petitioner's plea counsel filed with this Court a motion seeking a 374 day downward departure pursuant to U.S.S.G. § 5G1.3(b) based on the more than a year Petitioner had spent in pre-trial detention on two state charges, one of which was related to his federal tax charges. (ECF No. 1-1 at 17-18.) Although Petitioner spent this time in state pre-trial detention, he was not ultimately sentenced on these state law charges until after he was sentenced on his federal charges. (*See* ECF No. 14-6.) Shortly after Petitioner's motion was filed, the Government sent plea counsel an email informing him that the Government considered the downward departure motion to be a breach of Petitioner's plea agreement and would treat it as such if it were not withdrawn. (ECF No. 14-2.) Although plea counsel initially

informed the Government that the motion would not be withdrawn (*see* ECF No. 14-3), counsel did ultimately withdraw the motion. (*See* ECF No. 14-1 at 7-9.) Petitioner and plea counsel dispute the basis and nature of the withdrawal of the motion – Petitioner contends that the motion was withdrawn essentially without reason or his consent and in such a way to lead him to believe he would receive the 374 day downward departure (*see* ECF No. 1-1 at 3-4), plea counsel contends in his certification[1] that he withdrew the motion with Petitioner's knowledge and consent after Petitioner's post-plea actions suggested an attempt to avoid paying the restitution to which he had agreed in his plea agreement which ultimately resulted in his losing a reduction for acceptance of responsibility which he otherwise would have received under his plea absent those actions as counsel feared the Government would use the motion as a basis to withdraw from the agreement and pursue harsher charges. (ECF No. 14-1 at 7-9.)

Petitioner proceeded to sentencing on May 7, 2019. (ECF No. 14-5.) At sentencing, following Petitioner's post-plea conduct including letters clearly evincing his intent to evade the terms of his agreed upon restitution, this Court denied Petitioner's request that he still receive guidelines credit for acceptance of responsibility, but otherwise accepted the stipulated guidelines terms of the parties. (*Id.* at 1-20.) This Court, upon a consideration of Petitioner's circumstances, however, departed downward two levels and sentenced Petitioner to a term of 60 months on each

---

[1] In his reply brief, counsel for Petitioner contends that plea counsel's certification should be stricken from the record of this matter because he believes that certain minor communications between the Government and plea counsel made following the interview of plea counsel which current counsel attended violated this Court's order granting permission to the Government to interview plea counsel. (*See* ECF No. 15.) Having reviewed the parties' submissions on this issue, this Court finds no evidence to suggest that the Government's actions – which essentially amount to a few minor phone calls made to finalize the certification memorializing plea counsel's interview – in any way breached this Court's prior order. Petitioner's request to strike the certification is therefore denied. In any event, because this Court need not resolve the factual dispute between counsel and Petitioner to decide Petitioner's motion to vacate sentence, Petitioner suffers no prejudice from the Court's consideration of the certification.

of his two charges, each to run concurrently with one another and to any potential sentence on the pending state court charges. (*Id.* at 47.) Petitioner thereafter received a concurrent sentence on his pending state court charges a few days later. (ECF No. 14-6.)

## II. LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. U.S.,* 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## III. DISCUSSION

### A. No Evidentiary Hearing Is Necessary In This Matter

A district court need not hold an evidentiary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *U.S. v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that

petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claims are without merit for the reasons expressed below, no evidentiary hearing is necessary in this matter.

B. **Petitioner's ineffective assistance claims**

In his motion to vacate sentence, Petitioner raises two claims of ineffective assistance of trial counsel. The standard applicable to such claims is clearly established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's

6

> defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

In his first claim, Petitioner contends that his plea counsel proved ineffective in advising him to plead guilty pursuant to the plea agreement offered by the Government. Specifically, Petitioner contends that his plea attorney convinced him to accept the Government's deal by telling him that he could pursue a 374 day downward departure motion filed pursuant to U.S.S.G. § 5G1.3(b) premised on time spent in state pre-trial detention, and that had counsel informed him that he was ineligible for such a reduction under the plea agreement which was offered, he would have refused to plead guilty to the charged offenses and would have instead proceeded to trial. Criminal defendants have a "Sixth Amendment right to counsel, [which] extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To show that counsel's ineffectiveness robbed them of that right, a defendant must first show that counsel's representation "fell below an objective standard of reasonablenss." *Id.* at 163. In addressing a guilty plea, counsel is required to provide a defendant with sufficient information that he can "make a reasonably informed decision whether to accept a plea offer," which generally requires that counsel discuss

7

with him the facts of his case, the likelihood of conviction at trial, and his comparative sentencing exposure under a proposed plea in relation to a sentence following a conviction at trial. *United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) (quoting *Shotts v. Wetzel*, 724 F.3d 364, 376 (3d Cir. 2013); *see also Lafler*, 566 U.S. at 163; *Hill v. Lockart*, 474 U.S. 52, 57-58 (1985). An "erroneous sentencing prediciton by counsel[, however,] is not ineffective assistance of counsel where . . . an adequate plea hearing is conducted. " *Bui*, 795 F.3d at 367 (quoting *Shedrick*, 493 F.3d at 299). Even if a petitioner can show that counsel was deficient, he must still show that he was prejudiced by counsel's failing by providing facts which indicate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [which i]n the context of pleas [requires] a [petitioner] show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at 163.

In this matter, Petitioner contends that counsel misadvised him that he could seek a 374 day downward variance, and that he would not have pled guilty had he not been assured that he could seek such a variance. This essentially amounts to no more than an argument concerning "an erroneous sentencing prediction" by counsel which ultimately did not bear fruit, and any prejudice presented by this alleged misadvice was clearly dispelled by Petitioner's plea agreement, plea colloquy, and Rule 11 application. These documents clearly indicate that Petitioner was aware of the statutory maximum penalties that he would face, the advisory nature of the sentencing guidelines, the Court's discretion in sentencing, that he could not rely on any sentencing predictions or promises counsel may have made beyond those contained in the plea agreement, and that his plea agreement barred any motion seeking a downward variance or departure from the sentencing range presented in the agreement. (Docket No. 18-561 at ECF No. 4 at 4-7; ECF No. 1-1 at 6-16; ECF No. 14-4 at 2-21.) These documents and the Court's plea colloquy thus adequately addressed any prejudice from counsel's mistaken belief that Petitioner could still seek

8

jail credits pursuant to U.S.S.G. § 5G1.3(b) by informing Petitioner of the penalties he faced and ensuring he understood that this Court, and this Court alone following a consideration of the advisory guidelines, would determine his ultimate sentence, and that Petitioner would not be permitted to withdraw his plea merely because counsel's sentencing predictions proved mistaken. Petitioner therefore cannot show prejudice flowing from counsel's alleged misadvice, and his first claim is therefore denied. *Bui*, 795 F.3d at 367.

In his motion, Petitioner also suggests that counsel may have also been ineffective for failing to secure for Petitioner a better plea deal – specifically one that did not bar any motions for downward departures or variance, presumably premised on the belief that such a plea deal would have permitted a variance motion premised on U.S.S.G. § 5G1.3(b). Petitioner, however, has failed in any way to show that the Government was amenable to offering a deal which did not prevent such a motion. As Petitioner has no right to a "better" plea deal, and there is no evidence that any such "better" deal was offered or likely had counsel pursued further negotiations, he cannot show that he was prejudiced by counsel's alleged failure to secure a deal which permitted downward departure motions. *See, e.g., Burger v. Kemp*, 483 U.S. 776, 785-86 (1987) (where there is no evidence that a prosecutor "would have been receptive to a plea bargain," no *Strickland* prejudice results from the failure to secure that bargain); *Eisemann v. Herbert*, 401 F.3d 102, 109 (2d Cir. 2005) (the "failure to obtain a [better] plea bargain is not evidence of ineffective assistance of counsel when the record does not contain evidence that one might have been offered").

In his remaining claim, Petitioner contends that plea counsel also proved ineffective in choosing to withdraw his motion for a 374 day sentence credit pursuant to U.S.S.G. § 5G1.3(b). Counsel, however, cannot be ineffective in withdrawing a meritless motion, *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011), especially when that motion would potentially endanger the plea agreement into which Plaintiff

had entered. By its own terms, U.S.S.G. § 5G1.3(b) simply does not apply to Petitioner's situation. Under § 5G1.3(b), where a district court is faced with a criminal defendant who has a "term of imprisonment [which] resulted from another offense that is relevant conduct to the instant offense of conviction," the Court "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines" that the defendant will not receive credit for that term from the Bureau of Prisons and shall issue a sentence concurrent to the undischarged prison term. U.S.S.G. § 5G1.3(b)(1)-(2). A prerequisite for a reduction of sentence under this guideline section is thus an undischarged prison term – i.e., a criminal sentence stemming from a conviction on a crime which is relevant conduct to the current offense. Petitioner had no such prison sentence at the time he was sentenced in this Court – he was only sentenced on the state charges he believes entitled him to a sentence reduction *after* he was sentenced in this Court. At the time he believes counsel should have purused a motion under § 5G1.3(b), he had no undischarged state prison term – he was still in pretrial detention. Thus, even had counsel not withdrawn his motion prior to sentencing, that motion would have been without merit and would not have resulted in a downward departure or variance, and counsel was therefore not ineffective in withdrawing his motion. As all of Petitioner's claims are without merit, his motion to vacate sentence is denied.

### C. Certificate Of Appealability

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because Petitioner's claims are without merit for the reasons set forth above, he has failed to make a substantial showing of a denial of a constitutional right, and his motion is not adequate to receive encouragement to proceed further. This Court therefore denies Petitioner a certificate of appealability.

IV.  **CONCLUSION**

For the reasons set forth above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**